TICE v. GALLOP.

*Agency — when agent to sell may warrant.*

B. was authorized by the owner of a horse to sell the same for $60, without further restriction. *Held*, that a warranty by B. to the purchaser would bind the owner.

APPEAL by defendant from a judgment of the Niagara county court affirming a judgment rendered in a justice's court in favor of plaintiff.

The action was brought by James A. Tice, Jr., against Ruel Gallop, to recover damages for a breach of warranty in the sale of a horse. The horse was sold to plaintiff by one Anson Burgo, the agent of the defendant for that purpose. Burgo had authority to sell the horse, the only restriction being that he should not sell for less than $60. Burgo sold to plaintiff for $60, and made certain untrue representations amounting to a warranty, in relation to the age and condition of the horse.

At the trial before the justice this question was asked defendant, who was sworn as a witness on his own behalf:

"Did you instruct Burgo to state to Tice that the horse was about eleven years old, had the heaves very slightly, and that the bone spavin had been killed, and did not hurt the horse?"

Upon plaintiff's objection the evidence was excluded. The justice gave judgment in favor of plaintiff for $40 damages, besides costs.

*Ellsworth & Potter,* for appellant, cited *Scott* v. *McGrath,* 7 Barb. 53 ; *Mills* v. *Lewis,* 37 How. 425 ; *Jeffrey* v. *Bigelow,* 13 Wend. 520.

*B. J. Hunting,* for respondent.

GILBERT, J.   The authority to Burgo was to sell the horse if he got $60.   Burgo sold to the plaintiff for that price, and induced the plaintiff to purchase by representing among other things that the horse was only eleven years old, whereas he was fifteen; that a lameness which he had came from a kick, whereas it was caused by a bone spavin.   No question is made that those representations amounted to a warranty, or that there was a breach.   The plaintiff recovered judgment, which was affirmed by the county court.

The error complained of is that a question put to the defendant when testifying on his own behalf, viz., whether he instructed Burgo to make the representations which constitute the warranty, was excluded.   We perceive no error.   Whether Burgo was a general or special agent, he had authority to make the representations by virtue of his agency to sell, unless he was forbidden so to do by his principal.   *Nelson* v. *Cowing,* 6 Hill, 336;· Story on Agency, § 137.   The question was irrelevant.   A specific authority to warrant is not necessary.

The judgment must be affirmed.

*Judgment affirmed.*